# STATE OF FLORIDA v DOOLEY
## Case No. 89-0009 AC (A) 02

Fifteenth Judicial Circuit, Palm Beach County

June 22, 1989

## APPEARANCES OF COUNSEL

**Robert S. Jaefers,** Assistant State Attorney, for appellant.

**David Olson,** for appellee.

Before Carlisle, Cohen, Miller, JJ.

## OPINION OF THE COURT

MICHAEL D. MILLER, Circuit Judge.

THIS MATTER is before the Appellate Panel on appeal by the State of Florida from an order of the Honorable Peter M. Evans, County Court Judge concerning payment of restitution to one Gregory Harper by the Appellee, Charles Dooley. The County Court entered the order for restitution in an amount less than that claimed by Mr. Harper, that amount is approximately $3,000.00, this claim is the result of Mr. Harper's vehicle being destroyed. Mr. Dooley was subsequently convicted of the charge of driving while under the influence of alcohol to the extent that his normal faculties were impaired as a result of said

accident. The $3,000.00 difference is due to the insurance payment to Mr. Harper for their estimate of the fair market value of the vehicle versus the amount Mr. Harper owed on the vehicle.

The critical point in this matter is Florida Statute 775.089 sub paragraph (1)(a) which states:

"In addition to any punishment the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant's offense, unless it finds reasons not to order such restitution."

It is the finding of the Appellate Panel that the loss suffered by Mr. Harper is indirectly related and that he should be awarded full restitution for the damage to his vehicle. It is therefore

ORDERED AND ADJUDGED that this matter is remanded to the County Court with directions to hold a hearing and enter a restitution order for the full amount of damages suffered by Mr. Harper.

DONE AND ORDERED this 22nd day of June, 1989 in West Palm Beach, Palm Beach County, Florida.

Honorable James T. Carlisle and

Honorable Harold Cohen concur.

---

## CONCURRING OPINION

I concur in the Opinion (Order) written by The Honorable Michael D. Miller, Circuit Court Judge, and dated June 22, 1989 *but with great reservation.*

Florida Statute 775.089(1)(a) provides for restitution ". . . caused directly *or indirectly* by the defendant's offense . . ." [Emphasis added.] Since the statute is broadly written so as to include "indirect" losses it appears finance charges would be included in the broad language of the statute. However, I believe that trial judges must read reasonableness into the statute. Otherwise, outlandish results could result in a strict application of the statutory language contained in Florida Statute 775.089(1)(a). One such example was pointed out to counsel during oral argument in this cause.

For that reason in conducting the evidentiary hearing that results in the entry of a restitution order the lower court should determine the reasonableness of any indirect loss alleged by the victim. There should be some evidence that the victim's indirect loss resulted from a commercial reasonable transaction.

DONE AND ORDERED at West Palm Beach, Palm Beach County, Florida this 5th day of July, 1989.